FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; SCOTT EISENBRANDT, SR., <br><br> Intervenors - Appellants, <br><br> SUSANA ISZTOJKA, DBA California Gold Star Hauling, <br><br> Defendant. | No. 09-15072 <br><br> D.C. No. 2:07-cv-00526-TMB-KJM <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of California
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted February 11, 2010
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Francesca, Connie, and Scott Eisenbrandt (collectively "the Eisenbrandts"), Defendant-Intervenors, appeal the district court's grant of summary judgment in favor of Plaintiff Integon Preferred Insurance Company ("Integon"). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

We reverse the district court's grant of summary judgment regarding Jeff Mangelli's status as Integon's agent and whether Susana Isztojka made material misrepresentations because material issues of fact remain. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

A reasonable jury could find that Jeff Mangelli acted as both Integon's agent and Susana Isztojka's broker because (1) Integon twice referred to Mangelli as its agent in the complaint, indicating that Integon at one point believed Mangelli acted as its agent in the transaction; and (2) according to Susana Isztojka's declaration, Mangelli filled out and submitted her application to Integon, conducted a background check on Ian Isztojka and authorized him as an additional driver, and computed an increased premium which Integon accepted in June 2006. See Fraser-Yamor Agency, Inc. v. County of Del Norte, 137 Cal. Rptr. 118, 125-26 (Ct. App. 1977) (describing an insurance agency's dual role as an agent and broker in one insurance transaction); Maloney v. R.I. Ins. Co., 251 P.2d 1027, 1030-31 (Cal. Ct.

App. 1953) (holding that in a given transaction, "[t]he actual relationship is determined by what the parties do and say, not by the name they are called") (citations omitted).

The district court erred in finding that Susana Isztojka's alleged material misrepresentations were irrelevant because this finding was premised upon the district court's earlier finding that Mangelli did not act as Integon's agent.

The district court erred in concluding that the defense to rescission set forth in Barerra v. State Farm Mutual Automobile Insurance Co., 456 P.2d 674 (Cal. 1969) (in bank), is unavailable to the Eisenbrandts, and in the alternative, that Integon could not have conducted a reasonable investigation as to Ian Isztojka's insurability. The district court relied on its conclusion that Ian was never added to the policy, which is a genuine issue of material fact given Mangelli's disputed status. If it is found on remand that Ian was indeed an insured under the policy, then the Barerra defense applies, and it will be up to the trier of fact to determine whether Integon made "a reasonable investigation within a reasonable time after the issuance of the policy" as to Ian's insurability. Id. at 689.

Lastly, we affirm the district court's conclusion that Integon is not equitably estopped from rescinding the contract under a provision of the California Fair Claims Settlement Practices Regulations, California Administrative Code, title 10,

sections 2695.7(b), (c)(1). Integon's failure to accept or deny the Eisenbrandts' claim within 40 days is not related to whether or not Susana Isztojka made misrepresentations and therefore cannot equitably estop Integon's request for rescission. See Spray, Gould & Bowers v. Assoc. Int'l Ins. Co., 84 Cal. Rptr. 2d 552, 556-57 (Ct. App. 1999); see also City of Hollister v. Monterey Ins. Co., 81 Cal. Rptr. 3d 72, 99 (Ct. App. 2008).

We have considered and reject all other issues raised on appeal.

Intervenors-Appellants shall recover their costs on appeal.

**AFFIRMED in part, REVERSED in part.**